## Hausman v. Breinig.

*Plaintiff's statement—Averments of conclusions of law—Motion to strike off—Practice Act of May 14, 1915.*

1. Where the obligor in a bond is bound "to cause to be satisfied within fifteen days from the date hereof the mortgage now upon the premises," an averment in the plaintiff's statement that the obligor was bound "to pay the mortgage within fifteen days" is no more than an inference, and violates the provisions of the Practice Act of May 14, 1915, P. L. 483, prohibiting the pleading of conclusions of law.

2. Where a defendant files an affidavit of defence in the nature of a demurrer, the objections to the statement relating entirely to its form and its conformity with the requirements of the Practice Act of 1915, the affidavit will be treated as a motion to strike off the statement and the statement will be stricken off, with leave to file a new statement.

Affidavit of defence raising questions of law. C. P. Lehigh Co., Jan. T., 1922, No. 23.

*Edwin K. Kline*, for plaintiff; *Iobst & Gangewer*, for defendant.

RENO, J., March 20, 1922.—The case comes to us upon what is termed a statutory demurrer (that is, an affidavit of defence raising questions of law for the decision of the court), but which in reality is and should be called a motion to strike off the statement. It is true that the first objection is to the sufficiency of the statement in law, but this was not pressed at the argument. The succeeding objections relate entirely to the form of the statement and raise merely the question as to whether it conforms to the requirements of

Hausman v. Breinig.

the Practice Act of 1915. In these circumstances we should be justified in dismissing the demurrer, for it is now established that objections to the form of pleadings must be raised by a motion to strike off and cannot be raised by an affidavit of defence: Ehrenstrom v. Hess, 26 Dist. R. 992; Fuller v. Stewart Coal Co., 27 Dist. R. 512; Frontier Press Co. v. Garman, 28 Dist. R. 1033; Kennedy v. Scranton Ry. Co., 29 Dist. R. 751. However, we shall treat the demurrer as a motion to strike off the statement, and shall enter an appropriate order. Cf. Sorrick v. Scheetz, 26 Dist. R. 484; Williams v. Keefe, 30 Dist. R. 546; Lutz v. Wright, 28 Dist. R. 32.

Recurring to the objections, we think the second objection is good. The fourth paragraph avers that defendant became obliged "to pay the mortgage within fifteen days." The bond upon which the suit is based obliges defendant "to cause to be satisfied within fifteen days from the date hereof the mortgage now upon the premises." Perhaps, from the obligation to cause a satisfaction to be entered, a promise to pay the mortgage may be inferred. Or, perhaps, a promise to satisfy or procure a satisfaction is equivalent to a promise to pay that upon which satisfaction is to be entered. But it is clear that when the pleader sets out the inference instead of the fact, he violates that provision of the Practice Act which prohibits the pleading of conclusions of law. In this respect the fourth paragraph is defective. The same objection applies to the seventh paragraph. Indeed, here the violation is so glaring that discussion of it is unnecessary.

The other objections are not sustained. While the paragraphs thus drawn into question are not as skillfully nor as carefully prepared as they should be, we are not prepared to rule that they clearly include inferences of law or fact or evidentiary matter. However, as the statement must be redrafted, the pleader will undoubtedly bear in mind the criticisms that have been made of his work and avoid the possibility of further attack. Perhaps he will welcome our own suggestion that only one material allegation should be included in each paragraph.

Now, March 20, 1922, motion to strike off statement of claim is granted; statement of claim is stricken from the record, and leave is granted to file a new statement of claim.                    From James L. Schaadt, Allentown, Pa.